UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ATUL PODDAR,                                                             Case No

                            Plaintiff,                                **COMPLAINT**

    -v.-

PAPA JOHN'S USA, INC.,
ROBIN'S FRESH PIZZA INC. d/b/a Papa John's Pizza,
PJ MERRICK INC. d/b/a Papa John's Pizza,
and ROBIN CHOPRA,

                            Defendants.
------------------------------------------------------------------------X

Plaintiff, ATUL PODDAR (hereinafter, "Poddar" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendants, PAPA JOHN'S USA, INC. ("Papa John's"), ROBIN'S FRESH PIZZA, INC. d/b/a Papa John's Pizza ("Robin's"), PJ MERRICK INC. d/b/a Papa John's Pizza ("PJ"), and ROBIN CHOPRA ("Chopra" and collectively with Papa John's, Robin's and PJ, the "Defendants"), and states as follows:

**INTRODUCTION**

1.    Plaintiff Poddar alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq*. ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime compensation (2) liquidated damages, (3) pre-judgment and post-judgment interest and (4) attorneys' fees and costs.

2.    Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid spread of hours premium, (c) liquidated damages for untimely wage payments, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act, 29 U.S. C. §§ 201, et seq. (the, "FLSA"). The Court has supplemental jurisdiction over the New York state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the acts and/or omissions giving rise to the claims herein alleged occurred in this District.

## PARTIES

5. Plaintiff, Atul Poddar is an adult individual residing in Queens County, New York.

6. Upon information and belief, at all times relevant herein, defendant Papa John's USA, Inc., was, and still is a foreign business corporation, authorized to conduct business in the State of New York, organized and existing pursuant to the laws of the State of Kentucky, with its principal place of business located at 2002 Papa John's Boulevard, Louisville, Kentucky 40299.

7. Upon information and belief, at all times relevant herein, defendant Robin's Fresh Pizza, Inc. d/b/a Papa John's Pizza was, and still is, a domestic business corporation, organized and existing pursuant to the laws of the State of New York, having its principal place of business located at 162-02 Union Turnpike, Fresh Meadows, New York 11366. (the "Robin's Store).

8. Upon information and belief, at all times relevant herein, defendant PJ Merrick, Inc. d/b/a Papa John's Pizza was, and still is, a domestic business corporation, organized and existing pursuant to the laws of the State of New York, having its principal place of business located at 109-28 Merrick Boulevard, Jamaica, New York 11433. (the "PJ Store").

9. Defendant Robin Chopra is an adult individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

10. Defendant Chopra is sued individually in his capacity as owner, officer and/or agent of defendants Robin's and PJ.

## **FACTUAL ALLEGATIONS**

### *a.    Defendants Constitute Joint Employers and an Enterprise*

11.    Defendants Papa John's, Robin's, and PJ were, and upon information and belief still are, business enterprises that, both individually and collectively, engaged in related activities performed through a unified operation or control, for common business purposes.

12.    Defendant Papa John's franchised a pizza sales and delivery business to Defendants Robin's and PJ.

13.    Defendant Papa John's monitored and supervised the compensation practices concerning the employees of Robin's and PJ, including Plaintiff.

14.    At all times relevant herein, defendant Chopra owned, operated and/or directly affected the conditions of employment of the employees of Robin's and PJ, including Plaintiff.

15.    Defendant Chopra determines or determined the wages and compensation of the employees of Robin's and PJ, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

16.    Defendants jointly employed Plaintiff and were joint employers within the meaning of 29 U.S.C. 201 *et seq*. and the New York Labor Law.

### **Plaintiff's Employment**

17.    From approximately October 1, 2022 to on or about January 7, 2023, Plaintiff was employed by Defendants as a pizza delivery driver.

18.    At all relevant times, the work performed by Plaintiff was carried out in the normal course of the Defendants' business and was directly essential to the business conducted by Defendants.

19.    At all times Plaintiff was employed by Defendants, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

20. During the entire period of his employment, Plaintiff was paid at the rate of $12.00 per hour for all hours he worked regardless of whether Plaintiff worked more than forty hours in one week. Defendants never paid Plaintiff at the overtime rate of one and one-half times Plaintiff's straight time rate.

21. However, Defendants paid Plaintiff fifty-four cents per mile to reimburse him for using his own motor vehicle to deliver pizza.

22. Further, Plaintiff received tips from customers averaging at least $50 per work day.

23. During the employment of Plaintiff by Defendants, Plaintiff worked well over forty (40) hours per week, usually working six days per week, between nine and twelve hours per day, a total of approximately 63 hours per week.

24. Plaintiff typically worked at the PJ Store on Mondays from 1:00 p.m. to 1:00 a.m., On Fridays and Saturdays from 5:00 p.m. to 2:00 a.m. and on Sundays from 4:00 p.m. to 1:00 a.m. On Tuesdays, Plaintiff worked at the Robin's Store from 1:00 p.m. to 1:00 a.m.

25. Because of the demands of the job, Plaintiff did not receive a meal break of more than ten or fifteen minutes.

26. Plaintiff always clocked in and out at work using Defendants' computer system.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

28. During his entire period of employment, Plaintiff was always paid his wages, tips and mileage reimbursement in cash.

29. Plaintiff received his tips and mileage reimbursed at the end of each day he worked.

30. Other than tips, and reimbursement for mileage, Defendants always paid Plaintiff once every two weeks, approximately three days after each two-week period ended. The amount Defendants paid Plaintiff on that day always would be one total payment for the hours he had worked at both The Robin's Store and PJ Store. It was usually Defendant Chopra who paid Plaintiff for his hours.

31. At all times relevant herein, Plaintiff was employed as a manual worker, performing a variety of functions within this capacity including driving a motor vehicle, carrying pizza boxes, and walking to apartments, houses and offices to deliver pizza.

32. Despite spending his entire time at work performing these physical tasks, Plaintiff was paid on a bi-weekly basis in violation of New York Labor Law §191(1)(a)(i).

33. As a result of Defendants' untimely wage payments, Plaintiff was underpaid for the first seven days of each bi-weekly pay period, and thus Defendants paid Plaintiff on an untimely basis.

34. Moreover, Plaintiff was denied the time-value of his money by Defendants' underpayments. Plaintiff was unable to invest, save, make purchases or pay bills utilizing the wages he earned every other week he worked.

35. Defendants failed to pay Plaintiff an additional hour's pay for each day Plaintiff's shift at work exceeded ten hours.

36. Defendants failed to provide Plaintiff with a wage statement with each payment of wages, containing his regular hourly rate or rates of pay, his overtime rate or rates of pay, overtime hours worked, and wages paid, as required by NYLL §195(3).

37. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information when he was hired and whenever his rate of pay changed, as required by NYLL §195(1).

38. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

## COUNT I:

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME**

39. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a). For example, many of the menu ingredients, paper goods, cooking utensils and kitchen equipment were purchased from outside of the State of New York.

40. Upon information and belief, in each year from 2020 to present, Papa John's, Robin's and PJ each had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

42. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

43. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of forty each week pursuant to the FLSA.

44. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours he worked in excess of forty per week as required by the FLSA.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA. Throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable for unpaid overtime wages, plus an equal amount as liquidated damages.

48. In addition to the foregoing unpaid wages and liquidated damages, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II:**

**VIOLATION OF NEW YORK LABOR LAW – FAILURE TO PAY OVERTIME**

49. At all relevant times, Plaintiff was jointly employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

50. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in each workweek.

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action, in an amount to be determined at trial.

**COUNT III:**

**NEW YORK LABOR LAW – FAILURE TO PAY TIMELY WAGES**

52. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protects Plaintiff.

53. Defendants failed to pay Plaintiff on a timely basis as required by NYLL § 191 (1)(a), which resulted in Plaintiff being underpaid.

54. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants the amount of the underpayments caused by their untimely wage payments as liquidated damages, along with reasonable attorneys' fees, costs, pre-judgment and post-judgment interest as provided for by NYLL § 198.

## COUNT IV:

## NEW YORK SPREAD OF HOURS PROVISION

55. Plaintiff regularly worked a shift over more than ten hours.

56. Defendants willfully and intentionally failed to compensate Plaintiff an additional one hour's pay at the basic New York minimum hourly wage rate for each day in which the spread of hours worked exceeded 10 hours, as required under 12 NYCRR § 142-2.4, which regulations was duly promulgated pursuant to N.Y. Labor Law § 21 (ii).

57. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, and attorneys' fees pursuant to N.Y. Lab. Law § 663.

## COUNT V:

## NEW YORK WAGE THEFT PREVENTION ACT

58. The Defendants failed to furnish to the Plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

59. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorney fees pursuant to N.Y. Lab. Law § 198(1-d).

## COUNT VI:

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

60. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

61. As a result of the foregoing Defendants are liable to Plaintiff in the amount of 5,000.00, together with costs and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Robin Chopra, Papa John's USA, Inc., Robin's Fresh Pizza, Inc. d/b/a Papa John's Pizza, PJ Merrick Inc. d/b/a Papa John's Pizza, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. §216;

  e. An award under the New York Labor Law for unpaid spread of hours pay;

  f. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and spread of hours pay pursuant to the New York Labor Law;

  g. An award of liquidated damages as a result of Defendants' untimely payment of wages, pursuant to NYLL §§ 191(1)(a) and 198.

  h. An award of statutory damages for Defendants' violation of the Wage Theft Prevention Act, N.Y. Labor Law §195(3) and the recordkeeping requirements of N.Y. Labor Law §195(1);

  i. An award of prejudgment and post judgment interest;

  j. An award of costs and expenses of this action together with reasonable attorneys' fees; and

  k. Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

Dated: March 21, 2023
    Forest Hills, New York

                    /S/
                  ARTHUR H. FORMAN
                  90-20 Metropolitan Avenue
                  Forest Hills, New York 11375
                  (718) 268-2616
                  *Attorney for Plaintiff*